THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court
The State, Respondent, 
 
 v.
 
 Sara Nicette Fastiggi, Appellant.
Appellate Case No. 2011-190091

Appeal from Berkeley County
Kristi Lea Harrington, Circuit Court Judge

Memorandum Opinion No. 2012-MO-016
Heard May 2, 2012 – Filed May 23, 2012

AFFIRMED

Grover
 C. Seaton, III of Seaton Law Firm, LLC, of Moncks Corner, for Appellant.
Attorney
 General Alan Wilson, Chief Deputy Attorney General John W. McIntosh , Senior
 Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney
 General Harold M. Coombs, Jr. all of Columbia, and Solicitor Scarlett Anne
 Wilson, of Charleston, for Respondent.
PER CURIAM:   This
 is a direct appeal challenging the trial court's denial of a motion to
 suppress.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  State v. Banda, 371 S.C. 245, 251, 639 S.E.2d 36, 39
 (2006) ("Our review in Fourth Amendment search and seizure cases is
 limited to determining whether any evidence supports the trial court's
 finding."); State v. Brockman, 339 S.C. 57, 64-65, 528 S.E.2d 661,
 664-64 (2000) (holding that on appeal from a motion to suppress based on Fourth
 Amendment grounds, an appellate court will apply a deferential standard of
 review); State v. Pichardo, 367 S.C. 84, 95, 623 S.E.2d 840, 846 (Ct.
 App. 2005) ("The 'clear error' standard means that an appellate court will
 not reverse a trial court's finding of fact simply because it would have
 decided the case differently."); see also Arizona v. Johnson,
 555 U.S. 323, 334 (2009) ("An officer's inquiries into matters unrelated
 to the justification for the traffic stop, [the United States Supreme] Court
 has made plain, do not convert the encounter into something other than a lawful
 seizure, so long as those inquiries do not measurably extend the duration of
 the stop."); State v. Provet, 391 S.C. 494, 499, 706 S.E.2d 513,
 516 (Ct. App. 2011) (holding "the Fourth Amendment does not per se
 prohibit questions unrelated to the purpose of the traffic stop unless the
 unrelated questions unreasonably extend the traffic stop's duration").
AFFIRMED.
TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN,
 JJ., concur.